UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
ELIAS DE JESUS JORDAN, on behalf
of himself and others similarly situated,

                                        Plaintiff,

      -against-

JVR CAR WASH, INC. d/b/a GLEN
COVE CAR WASH, and JAMES
BIANCHI, VICTOR DOE (LAST
NAME UNKNOWN) and RICHARD
CAMPBELL, individually,

                                       Defendants.
---------------------------------------------------------------------------X

COMPLAINT

FLSA COLLECTIVE

ECF CASE

        Plaintiff Elias de Jesus Jordan ("Jordan" or "Plaintiff"), on behalf of himself and all other similarly situated car cleaners, by his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer and Yale Pollack of the Law Offices of Yale Pollack, P.C., complaining of the Defendants JVR Car Wash, Inc. d/b/a Glen Cove Car Wash ("Glen Cove Car Wash"), and James Bianchi, Victor Doe (last name unknown) and Richard Campbell, individually (collectively herein "Defendants"), alleges the following:

## PRELIMINARY STATEMENT

1.      This is a civil action brought by Plaintiff and all other similarly situated car cleaners, to recover unpaid minimum wages, unpaid overtime compensation, unpaid spread of hours wages and failure to remit all gratuities under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").  Plaintiff and the collective class work or have worked as car cleaners at Glen Cove Car Wash, a car wash and detail center owned by Defendants.

2. Plaintiff brings this action on behalf of himself and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA that occurred at the car wash and detail center owned and controlled by Defendants.

3. Plaintiff and the FLSA collective class also bring this action under the Wage Theft Prevention Act for Defendants' failure to provide written notice of wage rates in violation of said laws.

4. Plaintiff and the FLSA collective class seek injunctive and declaratory relief against Defendants' unlawful actions, compensation for Defendants' failure to pay minimum wages, overtime wages and spread of hours wages, unlawful withholding of gratuities and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

6. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(c) and 28 U.S.C. § 1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

# PARTIES

**Plaintiff Elias de Jesus Jordan Carias**

8.      Plaintiff is and was at all times relevant hereto an individual residing in Nassau County, New York.

9.      Plaintiff was at all times relevant hereto employed by Defendants in Nassau County, New York.

10.     Plaintiff was employed by Glen Cove Car Wash at 71 Glen Cove Avenue, Glen Cove, NY.

11.     At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

**Defendants**

12.     Defendant Glen Cove Car Wash is a corporation providing car cleaning services.

13.     Defendant Glen Cove Car Wash is a Domestic Business Corporation with the entity name JVR Car Wash, Inc. and is located at 71 Glen Cove Avenue, Glen Cove, NY 11542.

14.     On information and belief, Glen Cove Car Wash has been in business since at least 2007.

15.     James Bianchi, Victor Doe and Richard Campbell have owned, maintained control, oversight and the direction of Glen Cove Car Wash.

16.     Defendant James Bianchi ("Bianchi" or "Defendant Bianchi") is a person engaged in business in Nassau County, who is sued individually in his capacity as an owner, officer and/or agent of Glen Cove Car Wash.  Along with the other Defendants, Defendant Bianchi exercised sufficient control over Glen Cove Car Wash to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said

3

defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Glen Cove Car Wash.

17. Defendant Victor Doe ("Doe") is a person engaged in business in Nassau County, who is sued individually in his capacity as an owner, officer and/or agent of Glen Cove Car Wash. Along with the other Defendants, Defendant Victor Doe exercised sufficient control over Glen Cove Car Wash to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire employees and established and maintained policies regarding pay practices.

18. Defendant Richard Campbell ("Campbell" or "Defendant Campbell") is a person engaged in business in Nassau County, who is sued individually in his capacity as an owner, officer and/or agent of Glen Cove Car Wash.  Along with the other Defendants, Defendant Campbell exercised sufficient control over Glen Cove Car Wash to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Glen Cove Car Wash.

19. Defendants jointly employed Plaintiff and similarly situated employees at all times relevant.

20. Bianchi, Doe and Campbell (collectively the "Individual Defendants") had substantial control over Plaintiff and similarly situated employees' working conditions and the practices alleged herein.

21. At all times relevant to this action, Defendant Glen Cove Car Wash was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

22.   Defendant Glen Cove Car Wash has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

## COLLECTIVE ACTION ALLEGATIONS

23.   The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and other similarly situated persons who are current and former employees of Glen Cove Car Wash since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

24.   On information and belief, the FLSA Collective consists of approximately twenty (20) similarly situated current and former employees of Glen Cove Car Wash who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum and overtime wages and gratuities.

25.   As part of their regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA.  This policy and/or policies includes, *inter alia*, the following:

   i.   failing to pay employees the applicable minimum wage rate for all time worked up to forty (40) hours per week;

   ii.   failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week;

   iii.   failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL; and

5

iv.   failing to remit all gratuities that belonged to the employees.

26.   Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

27.   The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  These similarly situated employees are known to Defendants, are readily identifiable and locatable through their records.  These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

28.   The FLSA and NYLL require that employers pay all employees at least the applicable minimum wage rate for all hours worked per week up to forty (40) hours.

29.   The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of forty (40) during any workweek, unless they are exempt from coverage.

30.   The position of car cleaner is not exempt and has never been exempt.

31.   Defendants failed to compensate Plaintiff and members of the FLSA Collective at least minimum wage for all hours worked up to forty (40) during any workweek.  The exact accounting of such discrepancy can only be determined upon completion of discovery.

32.   Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of forty (40) during any workweek.  The exact accounting of such discrepancy can only be determined upon completion of discovery.

33.     Plaintiff and members of the FLSA Collective were not given notice containing the rate
        or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece,
        commission, or other; allowances, if any, claimed as part of the minimum wage,
        including tip, meal or lodging allowances; the regular pay day designated by the
        employer in accordance with NYLL § 195(1); and any anything otherwise required by
        law.

34.     Defendants paid Plaintiff and members of the FLSA Collective wages without any
        accompanying statement listing: the rate or rates of pay and basis thereof, whether paid
        by the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate
        or rates of pay; the overtime hours worked; gross wages; deductions; allowances, if any,
        claimed as part of the minimum wage; and net wages in accordance with NYLL § 195(3).

## FACTS

**Glen Cove Car Wash**

35.     Glen Cove Car Wash is a car wash and detail center located at 71 Glen Cove Avenue,
        Glen Cove, NY 11542.

36.     Glen Cove Car Wash has also operated under the name All American Car Wash and
        Detail.

37.     Glen Cove Car Wash is owned and controlled by Defendants.

**Plaintiff Jordan's Employment at Glen Cove Car Wash**

38.     From approximately April 2009 until March 8, 2018, Plaintiff was employed as a car
        cleaner on behalf of Defendants.

39.     As a car cleaner, Plaintiff's main job duties included: cleaning the exteriors of clients' cars by rinsing the cars with a hose; drying, dusting and vacuuming the cars' interiors; removing trash; cleaning seats and tires; and polishing the cars' exteriors.

40.     Throughout Plaintiff's employment with Defendants, Plaintiff worked at Glen Cove Car Wash at 71 Glen Cove Avenue, Glen Cove, NY 11542.

41.     Throughout Plaintiff's employment with Defendants, Plaintiff was paid at a regular hourly rate of pay that was less than minimum wage, as set forth herein.

42.     For the vast majority of his employment with Defendants, Plaintiff was scheduled to work more than forty (40) hours each week.

43.     Throughout his employment with Defendants, even though Plaintiff was not exempt, Plaintiff was not paid at an overtime rate of pay for workweeks in which he worked in excess of forty (40) hours.

44.     Throughout Plaintiff's employment, Defendants paid Plaintiff weekly.

45.     Throughout Plaintiff's employment, Plaintiff was paid in cash.

46.     When Plaintiff was paid, Defendants did not provide Plaintiff with a notation or any other documentation of his hours worked during that pay period or his rate of pay.

47.     Starting in 2017, on each payday, Defendants would show Plaintiff a check made out to Plaintiff from Defendants for the amount Plaintiff was owed for that pay period, which, again, did not set forth the hours Plaintiff worked that pay period.  Defendants would then keep these checks, and instead pay Plaintiff this same amount in cash.

48.     Defendants never provided Plaintiff with a notation or any other documentation of the hours he worked.

**Plaintiff Jordan's Work Schedule**
**and Salary at Glen Cove Car Wash**

49.    From 2009 through 2014 (the "First Period"), Plaintiff worked six (6) days a week, Tuesday through Sunday with Mondays off..

50.    Specifically, for each workday during the First Period, Plaintiff would work from approximately 7:30 a.m. until 6:00 p.m.  If it was busy at work, Plaintiff would stay later. As a result, during the First Period, Plaintiff would work approximately ten and a half (10.5) hours each day and, therefore, worked approximately 63 hours a week.

51.    From 2014 through 2016 (the "Second Period"), Plaintiff worked six (6) days a week.

52.    During the Second Period, Plaintiff would usually work Wednesday through Monday, with Tuesdays off

53.    Specifically, for each workday during the Second Period, Plaintiff would work from approximately 7:30 am until 6:00 pm.  If it was busy at work, Plaintiff would stay later.

54.    As a result, during the Second Period, Plaintiff would work approximately ten and a half (10.5) hours each day and, therefore, worked approximately 63 hours a week.

55.    From 2017 through 2018 (the "Third Period"), Plaintiff worked five days a week, with Tuesdays and Wednesdays off.

56.    Specifically, for each workday during the Third Period, Plaintiff would work from approximately 7:30 am until 6:00 pm.  If it was busy at work, Plaintiff would stay later.

57.    As a result, during the Third Period, Plaintiff would work approximately ten and a half (10.5) hours each day and therefore worked approximately fifty-five (55) hours a week.

58.    Throughout the entire time period worked by Plaintiff, when Plaintiff worked more than ten (10) hours a day, Plaintiff was never paid spread of hours even though he was not paid more than the applicable minimum wage.

59. Throughout the entire time period worked by Plaintiff, if the car wash was busy, Plaintiff would sometimes work until 7pm.

60. Until 2017, Plaintiff did not receive any breaks while working, even for meals.

61. From 2009 through 2014, Plaintiff was paid an hourly wage of $5.25, including overtime hours.

62. In 2015 and 2016, Plaintiff was paid an hourly wage of $6.25 per hour, including overtime hours.

63. In 2017 and 2018, Plaintiff was paid an hourly wage of $8.50 per hour.

64. During Plaintiff's employment, Glen Cove Car Wash maintained tip jars, which were left at the front and back of the car wash.

65. At times, customers would leave money directly in the tip jars.

66. At other times, customers would directly hand the car cleaners cash, which the car cleaners were then required to place in the tip jars as required by Defendants.

67. Approximately every thirty (30) minutes, the Individual Defendants would take the tip jars away to their office and the tip jars would then come back empty.

68. Customers would also advise Plaintiff that they would leave tips on their credit or debit cards, but such tip were never accounted for to the employees.

69. At the conclusion of each workday, the Individual Defendants would distribute tips to the workers, which would amount to approximately $25 per day to Plaintiff.

70. Upon information and belief, the tips left in the tip jars and/or by customers on charge cards exceeded the amounts that were distributed by the Individual Defendants to the employees.

71.     At no time during his employment did Plaintiff receive notice of any form of a tip credit being taken towards his wages in English and his native language.

**Defendants' Violations of the Wage Theft Prevention Act**

72.     The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

73.     Throughout the relevant time period, Defendants paid Plaintiff's wages without any accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

74.     Plaintiff was never given a notice in English and his native language containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

**FIRST CAUSE OF ACTION**
**FLSA Minimum Wage Violations, 29 U.S.C. §§ 201,** *et seq.*
**(Brought on behalf of Plaintiff and the FLSA Collective Plaintiffs)**

75.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

76.     Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

77.   At all times relevant, Plaintiff was employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*, and/or Plaintiff was engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. § 203. At all relevant times, each Defendant has employed "employee[s]," including Plaintiff.

78.   Defendants were required to pay directly to Plaintiff the applicable federal minimum wage rate for all hours worked.

79.   Defendants failed to pay Plaintiff the minimum wages to which he was entitled under the FLSA.

80.   Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

81.   Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et. seq*.

82.   As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

**SECOND CAUSE OF ACTION**
**New York Labor Law—Failure to Pay Minimum Wage**

83.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

84.   Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

85.   At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

86.   At all times relevant, Plaintiff was covered by the NYLL.

87.   The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiff.

88.   Defendants failed to pay Plaintiff the minimum hourly wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

89.   Through their knowing and intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

90.   Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.***
**(Brought on behalf of Plaintiff and the FLSA Collective Plaintiffs)**

91.   Plaintiff, on behalf of himself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

92.   During the relevant time period, Plaintiff and the FLSA Collective worked in excess of forty (40) hours per workweek.

93.     At all relevant times throughout Plaintiff's employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA Collective one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff and the FLSA Collective were entitled to receive overtime payments.

94.     At all relevant times throughout Plaintiff and the FLSA Collective's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times his regular hourly rate for hours worked in excess of forty (40) hours per workweek.

95.     Defendants' decision not to pay overtime was willful.

96.     Plaintiff and the FLSA Collective seek damages in the amount of his unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

**FOURTH CAUSE OF ACTION**
**Unpaid Overtime Wages Under New York Labor Law**

97.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

98.     Defendants failed to pay Plaintiff the proper overtime wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

99.     Defendants failed to pay Plaintiff one and one-half times his regular hourly rate of pay for all work in excess of forty hours per workweek.

100.    Through their knowing or intentional failure to pay Plaintiff overtime wages for hours works worked in excess of forty hours per workweek, Defendants have willfully violated

the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

101.    Defendants' decision not to pay overtime was willful.

102.    Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**New York Labor Law – Spread-of-Hours Pay**

103.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

104.    At times, Plaintiff worked more than ten (10) hours in a workday.

105.    Defendants willfully failed to compensate Plaintiff one hour's pay at the basic New York minimum hourly wage rate on days in which the length of his workday was more than ten hours, as required by New York law.

106.    Through their knowing or intentional failure to pay Plaintiff spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

107.    Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hour wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**SIXTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Annual Wage Notices**

108.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

109.    Defendants willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

110.    Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

111.    Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the FLSA Collective are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

## SEVENTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Wage Statements

112.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

113.    Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that

16

payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

114. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Relations regulations.

115. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

**EIGHTH CAUSE OF ACTION**
**New York Labor Law – Tip Misappropriation**

116. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

117. Pursuant to NYLL §196-d, "[n]o employer or his agent or an officer of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

118. At all relevant times set forth herein, Defendants collected and retained gratuities for themselves without distributing same to the employees.

119.   As a result of Defendants' unlawful conduct, Plaintiff and the FLSA Collective were denied tips to which they were otherwise entitled.

120.   Defendants willfully and intentionally violated §196-d of the NYLL.

121.   As a result of Defendants' willful and intentional unlawful conduct, Plaintiffs and the FLSA Collective are entitled to damages in an amount to be determined at trial, liquidated damages, attorneys' fees, costs, pre-judgment interest, post-judgment interest, and all other damages available under the law, and such other legal and equitable relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against the Defendants, JVR Car Wash, Inc. d/b/a Glen Cove Car Wash and James Bianchi, Victor Doe (last name unknown) and Richard Campbell, jointly and severally, as follows:

(a)   Designation of the action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of the action, and permitting them to assert timely FLSA claims and state claims in the action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b)   Damages for the unpaid minimum wages and overtime wages and gratuities due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of the action;

(c)     Damages for unpaid minimum wages, overtime wages, gratuities and spread-of-hours wages due to Plaintiff in an amount to be determined at the trial of the action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of the action;

(d)     Statutory penalties of fifty dollars for each workday that Defendants have failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(e)     Statutory penalties of two hundred fifty dollars for each workday that Defendants have failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, as provided by for by NYLL, Article 6 § 198;

(f)     For prejudgment and post judgment interest on the foregoing amounts;

(g)     For costs and disbursements of the action, including attorneys' fees; and

(h)     For such other further and different relief as the Court deems just and proper.

Dated:  April 25, 2018
        New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

By:     */s/ Jacob Aronauer*
        Jacob Aronauer
        225 Broadway, 3rd Floor
        New York, NY 10007

**LAW OFFICES OF YALE POLLACK, P.C.**

By:     */s/ Yale Pollack*
        Yale Pollack
        66 Split Rock Rd
        Syosset, NY 11791

        *Attorneys for Plaintiff*