# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
———

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

December 16, 2019

**VIA ECF**
Hon. Arlene R. Lindsay, U.S.M.J.
United States District Court
Eastern District of New York
814 Federal Plaza
Central Islip, NY 11722-4451

      Re:    **Jordan v. JVR Car Wash, Inc.,** *et al*.
              **Case No.: 2:18-cv-2430 (SJF) (ARL)**
              **MLLG File No.: 85-2018**

Dear Judge Lindsay:

      This office represents the Defendants, except for Richard Campbell, in the above-referenced case. Defendants write to oppose Plaintiff's latest letter motion to compel discovery. As set forth further below, Plaintiff's letter motion must be denied.

## Plaintiff has Failed to Meet & Confer with Defendants

      Plaintiff failed to comply with the Local Civil Rules prior to making the instant application. Local Civil Rule (hereinafter "LCR") 37.3 provides that the attorneys for the affected parties shall attempt to confer in good faith in person or by telephone in an effort to resolve the dispute in conformity with Rule 37 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rule" or "Rules"). See LCR 37.3(a); see also Rule 37(a)(1) ("The motion [for an order compelling disclosure to discovery] must include a certification that the movant has in good faith conferred or attempted to confer with the … party failing to make disclosure or discovery in an effort to obtain it without court action"). Normally, your undersigned's lack of a response to a Thursday, December 12, 2019 e-mail by today would constitute sufficient cause to submit that Plaintiff made a good faith effort; not so here.

      It has come to your undersigned's attention recently that counsel for the Plaintiff, Jacob Aronauer, has been routinely reviewing the status of litigation matters which are personal to me, the undersigned, arising out of and including my pending divorce action. In that regard, upon information and belief, Mr. Aronauer was aware that I was required to appear before the Honorable Justice Edmund M. Dane in the Supreme Court of the State of New York, Nassau County, for a trial and thus was unavailable to respond to his Thursday, December 12, 2019 e-mail as I was preparing for same. Indeed, your undersigned has previously notified Mr. Aronauer that it troubles me that he is actively monitoring and following litigation that is personal to me, and I have asked him to stop. Despite my request, Mr. Aronauer has only committed to not speak about my pending personal litigation matters with members of my firm (which is how I learned of his monitoring of me), impliedly stating that he will continue to do that which I have asked him to stop doing, which

is disconcerting, to say the least. More importantly, Mr. Aronauer's proffer that he made a good faith effort to resolve this dispute rings hollow as a result of the foregoing.

Further, Mr. Aronauer ignores the fact that on Wednesday, December 11, 2019, Defendants followed up with Plaintiff concerning deposition dates in January 2020 for Plaintiff and the Defendants. In fact, the aforementioned December 11, 2019 correspondence marked at least the third time that Defendants have requested same, and Plaintiff has repeatedly failed to provide Defendants with a single date that Plaintiff is available. Plaintiff previously agreed to conduct his deposition on December 9, 2019, but this date was adjourned at Plaintiff's request. Since that day, Defendants have repeatedly requested a new date. To date, Plaintiff has ignored Defendants' request and, most recently, Mr. Aronauer has shirked the simple responsibility of contacting his client for available dates for a deposition by passing the baton to his colleague, Mr. Pollak, who is unavailable due to a death in his family.

In the spirit of raising discovery issues in advance of the December 19, 2019 conference, Defendants would be remiss were they not to mention this important issue that Plaintiff has neglected for an inordinate amount of time now given his most recent plea for an extension of time to complete discovery (after repeatedly stating that he was ready for trial) and in light of Judge Feuerstein's unequivocal Order that all discovery must be completed by February 4, 2020, a date that will be here in the blink of an eye.

**Plaintiff's Letter Motion to Compel Discovery Must be Denied**

Plaintiff's motion must be denied on substantive grounds, as well. In his letter motion, Plaintiff speculates that Defendants have not provided any documents pertaining to the total amount of tips received from "their clients"[1] (as distinguished from the total amount of tips received by Plaintiff) and that Defendants have not provided "discovery with respect to the amount of tips they received via credit card," "currency," and "overall, how the tips were distributed between Plaintiff and other tip-eligible employees." Plaintiff argues, conclusorily, that this information is needed to "help prove" his claim for allegedly unlawfully withheld tips.

First, Plaintiff has again failed to comply with the Local Civil Rules and the Rules as he has not set forth verbatim each discovery request and response to which the motion is addressed. See LCR 37.1 ("Upon any motion or application involving discovery or disclosure requests or responses under Fed. R. Civ. P. 37 [under which the Plaintiff asserts his motion], **the moving party shall specify and quote or set forth verbatim in the motion papers each discovery request and response to which the motion or application is addressed.** The motion or application **shall also set forth the grounds upon which the moving party is entitled to prevail as to each request** or response") (emphasis added); see also LCR 5.1 ("A party seeking or opposing relief under Fed. R. Civ. P. … 37 … [under which the Plaintiff asserts his motion], or making or opposing any other motion or application, **shall quote or attach only those portions of the … interrogatories, requests for documents, …, together with the responses and objections thereto, that are the subject of the discovery motion or application**, or that are cited in papers submitted in connection with any other motion or application").

---

[1] Defendants' car wash has customers, not clients.

2

Shockingly enough, this is because Plaintiff has <u>never</u> – up until his instant letter motion – requested *any* such documents from Defendants. Indeed, the <u>only</u> requests Plaintiff has made concerning tips are:

> 13. All records of **Jordan's hours worked** at Glen Cove Car Wash, including but not limited to close-out reports, **tip sheets**, time records, time reports, clock-in reports, clock-in chits, signin/sign-out sheets, spreadsheets, and/or any other document which reflects **the amount of time worked by Jordan**. If there is more than one version of these documents, or if the documents have been adjusted electronically, provide all versions of these documents.
>
> An **electronic search** (word documents, PDFS and e-mails) using the following search terms: "Elias", "Jordan", "Lawsuit", "FLSA", "Fair Labor Standards Act", "New York Labor Law", **"Tips",** "Meal Breaks" "Tips" "Overtime" and "Minimum Wage."

Again, these are the <u>only</u> document requests ever made by Plaintiff concerning tips. In filing his misguided motion, Plaintiff apparently makes the rules up as he goes along and seeks this Court's intervention to compel a response to a document request that was never made. Plaintiff's letter motion must thus be denied for this reason alone.

Second, Plaintiff fails to establish any semblance of a reason for entitlement to the information he seeks. He cites to <u>Lanzetta</u> for the proposition that the "employer's records" were significant in finding that the employer there unlawfully withheld the employee's <u>wages</u> in violation of NYLL § 196-d; however, the plaintiff in <u>Lanzetta</u> allegedly was paid *no wages at all* and *only worked for tips*, facts that do not exist here from a cursory review of Plaintiff's very complaints, i.e., the original and the amended..

Third, Plaintiff seeks records of "credit card" tips which do not exist, and which he should know do not exist, because he has been provided during the course of discovery a photograph of a sign within Defendants' car wash which clearly states in red bold letters:

> **GLEN COVE CAR WASH <u>DOES</u> <u>NOT</u> <u>ACCEPT</u> GRATUITY ON CHARGE CARD. WE CAN GIVE CASH BACK, UP TO $5. THERE WILL BE A $1 SERVICE CHARGE TO DO SO.**

<u>See</u> D546 (emphasis added) (not attached herein). In that regard, Plaintiff's application is even more befuddling to Defendants.

Finally, Plaintiff is not entitled to know the total amount of tips received (nor does he cite any authority in support of said entitlement), which is contained within – but redacted from – the nearly 350 pages worth of tip sheets provided in the course of discovery.

3

For the foregoing reasons, Defendants respectfully submit that Plaintiff's letter motion to compel be denied as improper, premature, and meritless. Defendants reserve the right to raise any additional objections should Plaintiff decide to properly serve upon Defendants any further discovery demands while discovery remains open.

Defendants thank this Court for its time and attention to this matter, and regret that Plaintiff filed this motion needlessly, wasting the Court's time, and forcing Defendants to unnecessarily incur defense costs on wholly unnecessary and – due to Plaintiff's failures outlined above – frivolous motion practice. Defendants respectfully submit that this Court should bear in mind Mr. Aronauer's tried-and-true tactic of needlessly litigating cases in an effort to churn the file and justify the fee application he anticipates filing should he prevail in this litigation in the event a jury finds in Plaintiff's favor at trial.

Dated: Lake Success, New York
       December 16, 2019

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

_____/s_____
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

**VIA ECF & FEDERAL EXPRESS**
Hon. Sandra J. Feuerstein, U.S.D.J.
United States District Court
Eastern District of New York
1014 Federal Plaza
Room 1014
Central Islip, NY 11722

**VIA ECF**
The Law Offices of Jacob Aronauer
<u>Attn</u>: Jacob Aronauer, Esq.
225 Broadway, Suite 207
New York, NY 10007-3000
(212) 323-6980
jaronauer@aronauerlaw.com

**VIA ECF**
Law Offices of Yale Pollack, P.C.
<u>Attn</u>: Yale Pollack, Esq.
66 Split Rock Road
Syosset, NY 11791-2628
(516) 634-6340
ypollack@yalepollacklaw.com