# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

January 12, 2020

**VIA ECF**
Hon. Arlene R. Lindsay, U.S.M.J.
United States District Court
Eastern District of New York
814 Federal Plaza
Central Islip, NY 11722-4451

      Re:    **Jordan v. JVR Car Wash, Inc.,** *et al*.
             **Case No.: 2:18-cv-2430 (SJF) (ARL)**
             **MLLG File No.: 85-2018**_____

Dear Judge Lindsay:

      This office represents the Defendants, except for Richard Campbell, in the above-referenced case. Defendants write, pursuant to Rule 37 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rule") and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (hereinafter "Local Civil Rule" or "LCR") 37.3 to compel discovery. A good faith effort to resolve these disputes has been telephonically twice on December 6 and 26, 2019 and several times via email on December 6, 11, 24, and 26, 2019. See LCR 37.3(a). As set forth further below, the discovery Defendants seek are wholly relevant to the Plaintiff's claim and the Defendants' defenses and Plaintiff should thus be compelled to respond.

**Legal Standard**

      Rule 26 provides that parties may obtain discovery any nonprivileged matter that is relevant to any party's claim or defense. See Fed. R. Civ. P. 26(b)(1).

      To prevail on his wage and hour claims, Plaintiff must prove by a preponderance of the evidence that defendants did not adequately compensate him as required by the FLSA and NYLL. See Reich v. S. New England Telecomm. Corp., 121 F.3d 58, 67 (2d Cir. 1997). Indeed, "[Plaintiff] must produce sufficient evidence to establish that [he has] in fact performed work for which [he was] improperly compensated and produce sufficient evidence to show the amount and extent of that work 'as a matter of just and reasonable inference.'" See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946) (hereinafter "Anderson").

**Relevant Factual Background**

      On September 20, 2019, Defendants served Plaintiff with their second set of interrogatories, with just two (2) interrogatories. On December 2, 2019, Plaintiff belatedly objected to both on the grounds that he "believes that this interrogatory calls for an expansive answer and is better suited to be asked at Plaintiff's deposition." This was his sole objection.

On January 8, 2020, the parties appeared before this Court to address discovery disputes and this Court ruled that Plaintiff's aforesaid objection is inappropriate and Plaintiff must answer the interrogatories. Defendants respectfully seek the same ruling here, as well as an Order for Plaintiff to supplement his responses to these interrogatories and those already compelled at the Court's January 8, 2020 conference at least one (1) week before Plaintiff's deposition, which is scheduled to take place on January 28, 2020.

**Plaintiff must be compelled to respond to Defendants' second set of interrogatories.**

Pursuant to Local Civil Rules 5.1 and 37.1, Defendants specify each discovery request and response to which this application is addressed.

> **INTERROGATORY NO. 1:** What did Plaintiff do with the paystubs he was provided during the course of his employment?
>
> **RESPONSE TO INTERROGATORY NO. 1:** Plaintiff believes that this interrogatory calls for an expansive answer and is better suited to be asked at Plaintiff's deposition.
>
> **INTERROGATORY NO. 2:** What year was the schedule Plaintiff produced in response to Document Request No. 7 from?
>
> **RESPONSE TO INTERROGATORY NO. 2:** Plaintiff believes that this interrogatory calls for an expansive answer and is better suited to be asked at Plaintiff's deposition.

Here, not only are Plaintiff's objections inappropriate and have already been held by this Court to be overruled, these interrogatories are directly relevant to the claims and defenses in this case and go to the heart of the issues to be decided. Accordingly, because his objection is meritless and he has waived all other objections, Plaintiff must be compelled to respond to these interrogatories.

**This Court must compel Plaintiff to supplement discovery no later than January 21, 2020**

Plaintiff's deposition is scheduled to go forward on Tuesday, January 28, 2020. Fact discovery closes on February 4, 2020. Judge Feuerstein stated in her latest Order in this case that no further extensions will be granted. Defendants need Plaintiff to timely and properly respond to Defendants' interrogatories above and those compelled at the January 8, 2020 no later than January 21, 2020 in order to properly take Plaintiff's deposition and avoid continuing his deposition.

Accordingly, Defendants respectfully request an Order compelling Plaintiff to supplement his responses to all discovery demands no later than January 21, 2020. This includes the aforementioned discovery sought to be compelled (i.e., Interrogatory Nos. 1 and 2 from Defendants' second set) as well those compelled on January 8, 2020 (i.e., Interrogatory Nos. 7, 10, 11, 18, 19, 20, 21, and 22 from Defendants' first set).

      This also includes discovery demands which Plaintiff agreed to supplement at the January 8, 2020 conference, all of which the parties submitted were "resolved" after meeting and conferring in person before proceeding with having this Court decide the remaining discovery disputes the parties could not agree on (i.e., Interrogatory Nos. 13, 15, and 16 from Defendants' first set as well as Document Request Nos. 16, 17, 18, 31, 33, 34, and 45 from Defendants' first set).

**Conclusion**

      This case has dragged on long enough. Defendants respectfully submit that Plaintiff be compelled to respond to Defendants' outstanding discovery demands no later than January 21, 2020 so

      Defendants thank this Court for its time and attention to this matter.

Dated: Lake Success, New York
       January 12, 2020

                                        Respectfully submitted,

                                        **MILMAN LABUDA LAW GROUP PLLC**

                                        _____/s_____
                                        Emanuel Kataev, Esq.
                                        3000 Marcus Avenue, Suite 3W8
                                        Lake Success, NY 11042-1073
                                        (516) 328-8899 (office)
                                        (516) 303-1395 (direct dial)
                                        (516) 328-0082 (facsimile)
                                        emanuel@mllaborlaw.com

**VIA ECF**
Law Offices of Yale Pollack, P.C.
<u>Attn:</u> Yale Pollack, Esq.
66 Split Rock Road
Syosset, NY 11791-2628
ypollack@yalepollacklaw.com

**VIA ECF**
The Law Offices of Jacob Aronauer
<u>Attn:</u> Jacob Aronauer, Esq.
225 Broadway, Suite 207
New York, NY 10007-3000
jaronauer@aronauerlaw.com

3