# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

January 27, 2020

**VIA ECF**
Hon. Arlene R. Lindsay, U.S.M.J.
United States District Court
Eastern District of New York
814 Federal Plaza
Central Islip, NY 11722-4451

      Re:    **Jordan v. JVR Car Wash, Inc.,** *et al*.
              **Case No.: 2:18-cv-2430 (SJF) (ARL)**
              <u>**MLLG File No.: 85-2018**</u>_____

Dear Judge Lindsay:

      This office represents the Defendants[1] in the above-referenced matter. Defendants write to raise two (2) issues with the Court.

## This Court's Order on Defendants' Latest Motion to Compel Discovery

      On January 12, 2020, Defendants moved this Court for an Order compelling Plaintiff to compel discovery as to Defendants' second set of interrogatories, in which Plaintiff inappropriately objected on the grounds that Defendants' interrogatories are "better suited for a deposition." Defendants sought an Order compelling Plaintiff's responses thereto and for Plaintiff to produce said responses on or before January 21, 2020, a week in advance of Plaintiff's deposition scheduled for tomorrow, January 28, 2020. <u>See</u> Docket Entry 82.

      On January 15, 2020, Plaintiff wrote to state that he did not oppose the aforesaid requested relief. <u>See</u> Docket Entry 84.

      On January 16, 2020, this Court issued an Order. <u>See</u> Docket Entry 85. The docket text for this Order reads "ORDER *re [82]*: See the attached Order for details. Ordered by Magistrate Judge Arlene R. Lindsay on 1/16/2020. c/ecf (Imrie, Robert)" (emphasis added). However, upon accessing this Order, the Court's previous January 14, 2020 Order granting Plaintiff's second motion for conditional certification of a collective action is shown rather than any Order relating to Plaintiff's aforementioned motion to compel discovery. <u>See</u> Docket Entry 83.

      Defendants thus respectfully request that the appropriate Order be submitted such that Defendants may review same.

---

[1] Defendant Richard Campbell is not represented by undersigned counsel.

**Plaintiff has failed to supplement discovery timely before his deposition tomorrow**

On January 21, 2020, Plaintiff served Defendants via email with two (2) documents attached labeled "Supplemental Interrogatory Responses" and "Second Supplemental Interrogatory Responses." However, both documents are identical, both are dated August 23, 2019, and none of them supplement or provide the discovery Defendants sought in their latest motion to compel, nor that Ordered by this Court for Plaintiff to provide following the January 8, 2020 discovery conference in which numerous baseless objections interposed by Plaintiff were overruled.

Defendants sought this discovery for time immemorial at this point and are now forced to proceed with a deposition without having had appropriate responses from Plaintiff concerning validly interposed interrogatories which Plaintiff has been Ordered to answer. Plaintiff purposely did this with the object of evading his discovery obligations. Indeed, Plaintiff's counsel Jacob Aronauer barraged your undersigned all day via email today concerning all manner of issues concerning this case but – as soon as your undersigned notified him of his glaring deficiency – immediately went radio silent. For the same reason, meeting and conferring is futile.

This Court must address Plaintiff's apparent gamesmanship. It is worthy to note that every single item (of which there were only three) sought by Plaintiff in his motions to compel discovery has been denied, while many items sought by Defendants were granted. It is also worthy to note that though this Court made much ado about your undersigned's violation of the three (3) page limit[2] of this Court's Rules, the Court failed to take into consideration the sheer vastness of Plaintiff's cavalier attitude towards his discovery obligations and the completely baseless objections he raised thereto. Had Plaintiff not conducted himself in such a manner, Defendants would not have had to submit such a lengthy motion to compel.

Moreover, Defendants respectfully reserve their right to depose Plaintiff once more after he complies with his discovery obligations pursuant to Rule 30(a)(2).

Defendants thank this Court for its time and attention to this case.

Dated: Lake Success, New York
January 27, 2020

Respectfully submitted,
**MILMAN LABUDA LAW GROUP PLLC**
　　　　/s　　　　　　　　　　　　　　
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

cc: Counsel for Plaintiff – via e-mail.

---

[2] Defendants addressed this issue in their motion. See Docket Entry 62 at 9 fn. 2.